JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06347-RGK-AGR | Date | October 7, 2020 |
|---|---|---|---|
| Title | *Greg Endries et al v. Board of Directors of the Motion Picture Industry Health Plan et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Defendants' Motion to Dismiss [DE 17]; Plaintiff's Motion for Preliminary Injunction [DE 12].**

## I.   INTRODUCTION

On July 16, 2020, Greg Endries ("Endries") and Dee Nichols ("Nichols") (collectively "Plaintiffs") filed a Complaint against the Board of Directors of the Motion Picture Industry Health Plan ("Plan"), as well as the Plan's benefits committee and claims review committee (collectively "Defendants") for violation of fiduciary duty under the Employee Retirement Income Security Act ("ERISA").

Specifically, Plaintiffs allege that Defendants breached their fiduciary duty under 29 U.S.C. § 1104(a) by expanding Plan benefit eligibility in response to the Covid-19 crisis in a manner that granted coverage to some participants while failing to extend it to other similarly situated individuals, including Plaintiffs.

Presently before the Court is Plaintiffs' Motion for a Preliminary Injunction enjoining Defendants from continuing to withhold health insurance and coverage. (ECF No. 12.) Also before the Court is Defendants' Motion to Dismiss (ECF No. 17.)

For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion for Preliminary Injunction.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06347-RGK-AGR | Date | October 7, 2020 |
|---|---|---|---|
| Title | *Greg Endries et al v. Board of Directors of the Motion Picture Industry Health Plan et al* | | |

## II. FACTUAL BACKGROUND

Plaintiffs' Complaint alleges as follows:

### A. The MPI Health Plan

The Motion Picture Industry Health Plan ("Plan") is an employee welfare benefit plan as defined by ERISA. The Plan is funded and administered through a trust established by collective bargaining agreements between numerous unions and employers in the motion picture production industry. Employers that participate in the Plan contribute funds at specified rates on behalf of all covered employees for all hours worked, and the Plan in turn provides medical benefits to participants who meet its eligibility requirements.

To be eligible for benefits under the Plan, participants must meet the Plan's work hours requirements, which are evaluated based on six-month qualifying periods. Defendants determine whether participants meet the hours requirements according to a set schedule in which participants are reviewed during designated months.

In order to receive benefits under the plan, a participant must work 600 hours in six months for their initial qualification, and then work 400 in each six-month period thereafter. Employers make contributions to the plan based on each hour worked, regardless of whether the participant ultimately meets their hours requirement.

If the participant does not qualify for an eligibility period because he has not worked at least 400 hours during the qualifying period, his eligibility will automatically be reviewed again one month later, thereby limiting his subsequent gap in coverage to one month. Further, hours a participant earns in excess of the 400-hour minimum can be banked to make up later shortfalls.

### B. Defendants' Covid-19 Response

Covid-19 and the associated lockdowns caused a widespread work stoppage in the entertainment industry, particularly in Los Angeles and New York, leaving many plan participants unable to make their hours requirement. In response, Defendants took the following steps:

For active participants under review in the months of April and May, and whose benefits were ending on June 30, Defendants extended 300 extra hours to meet the eligibility criteria. For participants whose qualifying period ended in March, however, Defendants extended only 25 extra hours. Additionally, Defendants permitted participants with a qualifying period ending in March who had over

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06347-RGK-AGR | Date | October 7, 2020 |
|---|---|---|---|
| Title | *Greg Endries et al v. Board of Directors of the Motion Picture Industry Health Plan et al* | | |

300 hours at that time to meet their hours requirement by supplying documentary proof that that they would have reached the 400 hour minimum by March 21 if not for pandemic-related cancellations.

### C. **Plaintiffs' Hours**

Greg Endries works as a still photographer on television sets and is a member of Local 600 of the International Cinematographers Guild. Endries completed the Plan's initial 600 hour qualifying requirement in September of 2019, qualifying him for benefits from December 31, 2020 through May 31, 2020. In order to maintain his benefits for the next six-month period, Endries therefore needed to work 400 hours between September 23, 2019 and March 21, 2020. In early March, 2021, Endries had 283 hours, with more work lined up. He intended to reach 400 hours by March 21, or, in the event that he did not, to go on COBRA for one month and then reach the 400-hour deadline at the following review period, on April 25.

Under Defendants' rules, as a plan participant with fewer than 300 hours during the March review period, Mr. Endries did not qualify for either the 300 hour extension that those in the April review period received, nor was he entitled to demonstrate by documentary evidence that he would have passed the 400 hour mark but for Covid-related cancellations, as those with over 300 hours were permitted to do. Furthermore, as work remained largely unavailable in the following months, Mr. Endries will soon become ineligible to continue receiving benefits under the 400 hour rule, and will need to requalify under the 600 hour eligibility threshold.

Plaintiff Dee Nichols works as a camera operator in and around Los Angeles and is a member of Local 600 of the International Cinematographers Guild. At the time of the industrywide shutdown in early March 2020, Mr. Nichols had worked 512 hours out of the 600 hours that he needed to satisfy the Plan's initial coverage requirement, and had scheduled enough work to meet the 600-hour requirement by March 21, 2020.

Pursuant to Defendants' interpretation and application of the eligibility rules, Mr. Nichols was precluded from receiving any hours extension, because individuals who were not receiving Plan benefits as of early March 2020 were categorically excluded from receiving this relief. In addition, because work has remained unavailable for nearly five months since the shutdown, Mr. Nichols has lost many of the 512 hours that he had saved up.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06347-RGK-AGR | Date | October 7, 2020 |
|---|---|---|---|
| Title | *Greg Endries et al v. Board of Directors of the Motion Picture Industry Health Plan et al* | | |

### III.   JUDICIAL STANDARD

    **A.**   **Motion to Dismiss**

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

    **B.**   **Motion For Preliminary Injunction**

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, the Court may apply the sliding-scale test articulated by the Ninth Circuit in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this test, the court may issue a preliminary injunction when there are "serious questions going to the merits" and the "balance of hardships [] tips sharply towards the plaintiff" so long as the remaining two *Winter* factors are present. *Id.* at 1135. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

Injunctive relief can be classified into two categories: mandatory and prohibitory. A mandatory injunction commands a party to do some positive act, while a prohibitory injunction restrains a party from engaging in further acts. Because a mandatory injunction alters the status quo, a request for mandatory injunctive relief "is subject to heightened scrutiny and [the injunction] should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Indeed, the Ninth Circuit has cautioned that when "a party seeks mandatory preliminary

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06347-RGK-AGR | Date | October 7, 2020 |
|---|---|---|---|
| Title | *Greg Endries et al v. Board of Directors of the Motion Picture Industry Health Plan et al* | | |

relief that goes well beyond maintaining the status quo[,]" the court "should be extremely cautious[.]" *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

## IV.  DISCUSSION

Plaintiffs allege that Defendants breached their fiduciary duty of loyalty—via its included duty of impartiality—by treating one group of plan participants differently from another. Defendants argue that Plaintiffs' claim must be dismissed because a plan administrator does not act in a fiduciary capacity when amending the terms of a healthcare plan, and therefore cannot be sued under ERISA for breach of fiduciary duty. The Court agrees with the Defendants.

"Liability for breach of fiduciary duty under ERISA may be imposed only against ERISA-defined fiduciaries." *CSA 401(K) Plan v. Pension Professionals, Inc.*, 195 F.3d 1135, 1138 (9th Cir. 1999). "Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries." *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996). "[E]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans. When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust." *Id.* (citations omitted). "ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995).

As set forth above, a valid decision by Plan Administrators to amend the terms of the Plan to extend benefits in response to Covid-19 does not implicate fiduciary review. However, Plaintiffs make two arguments as to why the above rule should not apply in this case. The first is that the decisions cited above did not concern multiemployer plans such as the Plan at issue here. The second is that the decisions were not made pursuant to a valid plan amendment procedure. The Court addresses these in order.

Plaintiffs argue that while the above line of Supreme Court cases might foreclose a similar claim in the context of a single-employer healthcare plan, those decisions did not address multiemployer plans, and there is neither Supreme Court precedent nor binding Ninth Circuit authority applying the same principle in that context.

While technically true, this Court agrees with the Circuit Courts who have taken up the issue and found that the principle applies equally in the context of an amendment to a multiemployer plan. As the Second Circuit summarized the issue in *Janese v. Fray*: "Although the Supreme Court's opinions in *Curtiss–Wright*, *Lockheed*, and *Hughes Aircraft* all involved single-employer plans, we agree with the

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06347-RGK-AGR | Date | October 7, 2020 |
|---|---|---|---|
| Title | *Greg Endries et al v. Board of Directors of the Motion Picture Industry Health Plan et al* | | |

Third, Sixth, and District of Columbia Circuits that the Court's language analyzing fiduciary duties under ERISA is equally applicable to multi-employer plans." 692 F.3d 221, 227 (2d Cir. 2012).

Plaintiffs cite to the Ninth Circuit's decision in *Elser v. I. A. M. Nat. Pension Fund* for an instance in which that Court found a breach of fiduciary duty due to disparate treatment of certain groups under a multiemployer plan. 684 F.2d 648, 658 (9th Cir. 1982). However, this decision predates the above three Supreme Court decisions that directly addressed this issue in a single-employer context. The Court therefore finds that *Janese* better expresses the current consensus on the state of the law.

Next, Plaintiffs argue in their Opposition that even if Defendants did in theory have authority to amend the plan, Defendants failed to follow appropriate plan amendment procedures. In support of this position, Plaintiffs argue that the signature dates on the board resolutions provided as part of Defendants' Motion create a question of fact as to whether they were "created or altered for the purpose of this litigation." (Pls.' Opp. 8:21-22, ECF No. 19.) The Court disagrees.

First, Plaintiffs' Complaint contains no allegations regarding failure to follow Plan amendment procedures, and Plaintiffs may not add new substantive allegations in their Opposition. Furthermore, even if the Court were to consider Plaintiffs' arguments on this point, a resolution signed after the date on which the amendment is voted upon by the Plan directors is no less valid under the procedures set forth in Article X of the Plan Agreement. (*See* MPI Health Plan Agreement, Article X, Asplund Decl. Ex A, ECF No. 17-3.) Plaintiffs' argument that certain board resolutions were signed on dates subsequent to their initial adoption is therefore not indicative of a failure to properly amend the Plan.

As Plaintiffs' Complaint must be dismissed as a matter of law, the Court likewise finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits as required to obtain a preliminary injunction. Plaintiffs' request for a preliminary injunction is therefore denied.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiffs' Motion for a Preliminary Injunction.

**IT IS SO ORDERED.**

_____ : _____
jre